ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
WILL SETRAKIAN (SBN 335045)
ANNA FERRARI (SBN 261579)
MEGHAN STRONG (SBN 324503)
CAROLYN DOWNS (SBN 353455)
Deputy Attorneys General
State Bar No. 335045
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone:  (213) 269-6668
  E-mail:  William.Setrakian@doj.ca.gov
*Attorneys for Defendants Shirley N. Weber, in her official capacity, and the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **JUDICIAL WATCH, INC.; and THE LIBERTARIAN PARTY OF CALIFORNIA,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHIRLEY N. WEBER, in her official capacity as California Secretary of State; and the STATE OF CALIFORNIA,**<br><br>Defendants. | 2:24-cv-03750-MCS-PVC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:     The Honorable Mark C. Scarsi<br>Action Filed: 5/06/2024 |

TO THE HONORABLE COURT AND TO PLAINTIFFS:

PLEASE TAKE NOTICE THAT Defendants hereby inform the Court of the following supplemental authority supporting their Motion to Dismiss, ECF No. 16:

In *Republican National Committee v. Aguilar*, the United States District Court for the District of Nevada applied the Ninth Circuit's recent organizational-standing case *Arizona Alliance for Retired Americans v. Mayes* to hold that an organization

1

lacked standing to pursue its claims brought under the National Voter Registration Act (NVRA). *Republican Nat'l Comm. v. Aguilar*, 2024 WL 4529358 (D. Nev. Oct. 18, 2024).

The court observed that *Mayes* held that "[o]rganizations can no longer spend their way into standing based on vague claims that a policy hampers their mission." *Aguilar*, 2024 WL 4529358, at *2 (quoting *Ariz. All. for Retired Ams. v. Mayes*, — F.4th —, 2024 WL 4246721, at *2 (9th Cir. Sept. 20, 2024)) (alteration in original). The court, recognizing that plaintiffs, the RNC and Nevada Republican Party, "assert[ed] harms in the form of a frustrated mission and diverted resources," concluded that "these claims do not meet the injury-in-fact requirement" under *Mayes*. *Id.* at *7. Casting those plaintiffs' alleged standing-generating activities as "shifting resources," the court determined that their NVRA standing allegations were "irreconcilable with" Supreme Court and Ninth Circuit precedent. *Id.* The court also held that those plaintiffs' alleged difficulties in registering voters could not confer organizational standing because plaintiffs could "still carry on [their] mission and continue to register voters." *Id.* at *8. Finally, the court acknowledged that *Mayes* had overruled authority on which Plaintiffs in this case, Judicial Watch and LPCA, rely. *Id.* at *6, *7; ECF No. 17 at 16–17.

Additionally, the court discussed a topic that this Court considered at oral argument: whether "Congress's creation of a private right of action under the NVRA" establishes standing for a plaintiff proceeding under that cause of action. *Aguilar*, 2024 WL 4529358, at *4. The court explained that "[t]he Supreme Court has squarely rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 341 (2016)).

Finally, the court determined that an individual plaintiff lacked standing because his alleged injury of undermined confidence in the integrity of elections

was too speculative. *Id.* at *6. In doing so, the court rejected the application of several out-of-circuit cases that held a similar injury was sufficient, finding those cases unpersuasive. *Id.* at *5 (citing *Green v. Bell*, 2023 WL 2572210, at *4 (W.D.N.C. Mar. 20, 2023); *Jud. Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091, 1103–04 (D. Colo. 2021); *Jud. Watch, Inc. v. King*, 993 F. Supp. 2d 919, 924 (S.D. Ind. 2012)). Plaintiffs here rely on those same cases. ECF No. 17 at 19, 20.

Dated: October 24, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

/s/ Robert William Setrakian

WILL SETRAKIAN
Deputy Attorney General
*Attorneys for Defendants Shirley N. Weber, in her official capacity, and the State of California*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Judicial Watch, Inc. v. Shirley N. Weber** | No. | **2:24-cv-03750-MCS-PVC** |

I hereby certify that on <u>October 24, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 24, 2024</u>, at Los Angeles, California.

| | |
|---|---|
| D. Serzo | *D. Serzo* |
| Declarant | Signature |

SA2024900189
67186721.docx