ERIC W. LEE (SBN 327002)
ROBERT PATRICK STICHT (SBN 138586)
JUDICIAL WATCH, INC.
425 Third Street, SW, Suite 800
Washington, D.C. 20024
Email: elee@judicialwatch.org
Telephone: (202) 646-5172
Fax: (202) 646-5199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., et al.,<br><br>　　　　　Plaintiffs,<br>v.<br>SHIRLEY N. WEBER, et al.,<br><br>　　　　　Defendants. | Case No.  2:24-cv-3750<br><br>**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Honorable Mark C. Scarsi<br>United States District Judge |

TO THE HONORABLE COURT AND TO DEFENDANTS:

Plaintiffs respond to Defendants' notice of supplemental authority (Doc. 32) referring to *Republican Nat'l Comm. v. Aguilar*, No. 2:24-cv-00518, 2024 U.S. Dist. LEXIS 189613 (D. Nev. Oct. 18, 2024), as follows:

*Aguilar* concerned a diversion-of-resources injury. *Id*. at *24-*25. Thus it says nothing about the kind of claim alleged by Plaintiff LPCA, *viz*., that it have suffered out-of-pocket, economic losses due to Defendants' non-compliance because of futile home visits and misdirected mailings. *See Repub. Nat'l Comm. v. Wetzel,* Nos. 1:24cv25, 1:24cv37, 2024 U.S. Dist. LEXIS 132777, at *16-*17 (S.D. Miss. July 28, 2024) ("economic injury" was independent from a "diversion of resources" claim).

*Aguilar* rejected diversion-of-resources standing where it was based on an organization's decision "to shift some resources from 'one set of pre-existing activities in support of their overall mission to another, new set of such activities.'" *Id*. at *26 (citing *Ariz. All. for Retired Ams. v. Mayes*, No. 22-16490, 2024 U.S. App. LEXIS 23963, at *29-*30 (9th Cir. Sept. 20, 2024), *petition for rehearing en banc filed* (9th Cir. Oct. 4, 2024). Accordingly, *Aguilar* has no effect on LPCA's diversion-of-resources claim, because LPCA has alleged a *net monetary loss*—not merely a *shift* in resources. The organization as a whole has less money than it would have had if Defendants had complied with the NVRA. This shortfall necessarily affects everything it does.

*Aguilar* (like *Mayes*) did not address "informational injury" at all, so the ruling has no effect on the issue of Judicial Watch's standing to sue under Section 8(i) of the NVRA.

Judicial Watch also pleaded standing consistent with *Aguilar*, by alleging that resources used "to investigate, address, research, and counteract" Defendants' noncompliance are "distinct from and *above and beyond* Judicial Watch's regular, programmatic" NVRA efforts, and that it otherwise "would have expended these same resources on its regular, programmatic activities *or would not have expended them at all*." Doc. 1 ¶¶ 86-87. Given that inferences are drawn in Judicial Watch's favor, these allegations plausibly plead a diversion of resources.

*Aguilar* clearly rejected the undermining of voters' confidence as a basis for standing. 2024 U.S. Dist. LEXIS 189613, at *17-*19. *Aguilar's* holding is still a minority position among the district courts to have considered this issue in the context of Section 8 of the NVRA, and Plaintiffs respectfully submit it was wrongly decided, for the reasons stated in Doc. 17 at 17-20.[1]

Dated: October 25, 2024    Respectfully submitted,

By: */s/ Eric W. Lee*
Eric W. Lee
Robert D. Popper*
Robert Patrick Sticht
ROBERT PATRICK STICHT

Attorneys for Plaintiffs

**Admitted pro hac vice*

---

[1] *Aguilar* also held that the plaintiffs' injuries were not redressable because the suit was filed in the 90-day "freeze" period before a federal election. 2024 U.S. Dist. LEXIS 189613, at *28-*30; *see* 52 U.S.C. § 20507(c)(2)(A). This is clear error. No other court has held this, nothing in the statute says this, and the NVRA actually eases notice requirements in the runup to elections—*i.e.*, *during* the freeze period—which means that it contemplates lawsuits being filed during that time. *Id.* § 20510(b)(2)-(3). And that period has no effect on orders to comply with the NVRA, to remove dead registrants, or to provide public records. These issues are irrelevant here because Defendants did not raise them.